**Allan Ryo KUNIMOTO, Plaintiff,**

v.

**Jay M. FIDELL, individually and as state-court-appointed receiver; Bank of Hawaii; Carlsmith Ball Wichman Murray Case & Ichiki, a Hawaii partnership including professional law corporations fka Carlsmith Ball Wichman Murray Case Mukai & Ichiki; James R. Starshak; John Does 1–100; John Candon, individually and as bankruptcy court-appointed trustee, Defendants–Appellees,**

**Gary Victor Dubin, Real–party–in–interest–Appellant.**

No. 03–15482.

D.C. No. CV–98–00453–DAE.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2004.*

Decided May 12, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Enver Painter, Jr., Gregg Young, Law Office of Gregg Young, Gary V. Dubin, Dubin Law Offices, Honolulu, HI, for Plaintiff.

Harvey E. Henderson, Jr., Henderson, Gallager & Kane, Katherine G. Leonard, Brent K. Yamashita, Allison G. Yee, Carlsmith Ball, Jared N. Kawashima, Ning Lilly & Jones, Jay M. Fidell, Bendet Fidell Sakai & Lee, Don Jeffrey Gelber, Gelber, Gelber, Ingersoll & Klevansky, Honolulu, HI, for Defendants–Appellees.

Gary Victor Dubin, Dubin Law Offices, Honolulu, HI, Real–party–in–interest–Appellant.

Before FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

### MEMORANDUM**

In January of 2000, the district court awarded Rule 11 sanctions against attorney Gary Dubin for filing frivolous pleadings. Since then, Dubin has filed repeated pro se appeals and other motions with the Ninth Circuit and two petitions for writs of certiorari with the Supreme Court challenging various aspects of the district court's award of sanctions. Pending the outcome of Dubin's numerous appeals, the district court had stayed the disbursement of the sanctions to the defendants in the underlying action. After the Supreme Court denied Dubin's last remaining petition for certiorari, the district court issued an order lifting the stay and disbursing the funds on February 14, 2003. Dubin now appeals, again pro se, from that order.

We lack jurisdiction to consider Dubin's appeal because the district court's order was a ministerial order. After the exhaustion of Dubin's appeals to the Ninth Circuit and the denials of Dubin's petitions for

** This disposition is not appropriate for publication and may not be cited to or by the

certiorari, nothing remained for the district court to do but lift the stay and order the disbursement of funds to the defendants. In *American Ironworks & Erectors, Inc. v. North American Constr. Corp.*, 248 F.3d 892, 898 (9th Cir.2001), we explained, "After entry of judgment, the only remaining action item was disbursal of funds from the court registry. A mere ministerial order, such as an order executing a judgment or, in this case, an order to disburse funds from the court registry, is not a final appealable order."

As we have concluded that the district court's February 14, 2003 order was ministerial, we also need not consider Dubin's argument that Judge Ezra abused his discretion by declining to recuse himself on the basis of a lawsuit filed by Dubin against Judge Ezra an hour before the disbursement hearing commenced.

DISMISSED for lack of jurisdiction. Costs are taxed against the appellant. Fed. R.App. P. 39(a)(1).

courts of this circuit except as provided by Ninth Circuit Rule 36–3.